IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2021 Session

## ROMEY GREEN III v. KASANDRA CHERRY GREEN

**Appeal from the Chancery Court for Tipton County**
**No. 30748     Martha B. Brasfield, Chancellor**

_____

### No. W2019-01416-COA-R3-CV
_____

In this divorce case, Wife takes issue with how the trial court distributed the possessory interest in the marital home and Husband's Tennessee Consolidated Retirement System ("TCRS") benefits. Because the trial court did not assign values to all of the relevant property subject to division, we vacate the judgment and remand the case to the trial court for additional findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and CARMA DENNIS MCGEE, JJ., joined.

Cornelius K. Bostick, Memphis, Tennessee, for the appellant, Kasandra Cherry Green.

Jeffery L. Stimpson, Drummonds, Tennessee, for the appellee, Romey Green, III.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

Romey Green, III ("Husband") and Kasandra Cherry Green ("Wife") were married in 1984. Husband filed a complaint for divorce on July 3, 2013 in the Chancery Court of Tipton County ("the trial court"). Wife filed an answer and counter-complaint, and after a protracted pre-trial and discovery process, a trial was held over the span of three days—January 18, 2018, February 6, 2018, and March 1, 2018.

At trial, the parties testified, along with their two adult daughters[1] and one of Wife's friends. Over sixty exhibits were introduced in evidence, including tables that each party prepared, listing the division of the marital property and marital indebtedness. The bulk of the parties' assets consist of a marital home in Tipton County, an adjoining unimproved lot, another unimproved lot purchased by Wife in Shelby County, and various retirement/financial accounts.

At the time of trial, Wife was fifty-three years old and Husband was sixty-three years old. Each testified regarding their health issues. Husband joined the military in 1972 and retired in 1995. He has an Associate's degree, taught Reserve Officer Training Corps from 1996 to 2012 in the Memphis school system, and testified that he was serving as a part-time minister. However, the parties stipulated at trial that Husband is unable to work. Wife has a Bachelor's degree and a diverse employment history, including working for the United States Navy and part-time at Dillard's department store at the time of trial. At times, she would work overseas for long periods. Husband bought a home in Tipton County in 1994 and an adjacent lot,[2] each of which was paid off by the time of trial. Wife also purchased a plot of land in Shelby County in 2008.

The trial court entered a final decree of divorce on June 11, 2018.[3] Therein, the trial court found, and the parties agree, that the Tipton County home is worth $145,000.00 and the adjacent lot is worth $22,000.00. The trial court also found that Wife's plot of Shelby County land is worth $45,000.00, with an outstanding indebtedness of $16,802.00. Those are the only monetary values the trial court assigned to the property at issue in the divorce. Otherwise, the trial court found, in pertinent part, that the parties separated in 2006 but had been living in the same home until Wife left in 2014; that both parties had grounds for divorce; that Wife, by her own admission, was guilty of adultery; and that the parties were declared divorced pursuant to Tennessee Code Annotated section 36-4-129. The trial court considered the following facts, pursuant to section 36-4-121, in equitably dividing the marital property:

a) The parties have been separated a [] while;
b) The value of the property and debt;
c) What the parties accumulated themselves;
d) The age of the parties and that the Husband is ten (10) years older than the Wife;

---

[1] It is unclear from the record if the younger daughter is Husband's biological child.
[2] According to his brief, Husband purchased the lot in 2011, but it appears that the warranty deed for the lot is dated 1995.
[3] The trial court incorporated a large portion of the trial transcript into its written order, parts of which contain dialogue between counsel and the court. We note that we have previously held, in the context of party-prepared orders, that such "matters not a proper part of the [court's] determination [should not be] included" in the written order. *Smith v. UHS of Lakeside, Inc.*, No. W2011-02405-COA-R3-CV, 2013 WL 210250, at *9 (Tenn. Ct. App. Jan. 18, 2013) (citations omitted), *aff'd*, 439 S.W.3d 303 (Tenn. 2014).

e)  The parties accumulated a lot of their debt after their separation in 2006;

f)  That most of the parties' debts are in their respective separate names;

g)  That the Wife did not have a profession during their children's minority;

h)  That Husband is retired with income from Social Security retirement, military retirement, VA disability, and Tennessee Retirement System Retirement and that these incomes are all he is going to be able to receive because he is, by stipulation of the parties, unable to work;

i)  That Wife has the ability to earn income and has additional years to increase her salary and retirement;

j)  Wife accumulated money funds from her income earned in the Middle East while she was younger but she should not be required to return to the Middle East to work;

k)  Wife earns approximately the same as what the Husband is receiving as income from his retirement and other benefits;

l)  That relative to division of property, including the Husband staying in the house [rent-free], Wife has significant retirement accounts which she is going to keep and will not be divided with the Husband.

The trial court also considered the fact that Wife depleted money from her accounts after the issuance of mandatory injunctions prohibiting dissipation of funds.[4]

The trial court awarded the Tipton County marital home to the parties as tenants in common, each with a one-half undivided interest. However, the court awarded Husband the exclusive use of the home (including maintaining its current condition and paying taxes and insurance, with the requirement of listing Wife as a beneficiary) until he dies or has to move into assisted living, at which point Wife will be entitled to receive at least one-half of the current value of the house upon its sale.[5] As for the lot next door, the court again found that the parties should be named as tenants in common, each with a one-half undivided interest. The trial court found that the lot was subject, however, to the parties' respective attorneys' liens for fees incurred in this case, and thus ordered that the lot be sold and the proceeds paid to counsel for Husband and Wife in equal shares.

Otherwise, Wife was awarded her Shelby County property; her Subaru and any debt owed thereon; her Federal Employees' Retirement System ("FERS") benefits; any personal property she inherited from her father (with various conditions); twenty-three percent of Husband's disposable military retired pay and the Survivor Benefit Plan ("SBP") coverage that Husband elected for her as part of his military retirement; the funds in her name in various accounts; and the debts in her name associated with certain credit cards, loans, and

---

[4] The court did not find that Wife had to repay any portion of that amount, however.

[5] The trial court detailed what should happen if the value of the house at the time of sale is different from the current value of $145,000.00, and other contingencies related to the division of the marital home, but those are not relevant to the disposition of this case on appeal.

legal fees. Husband was awarded his TCRS retirement; his Toyota, Jeep, Kubota tractor, and Rambler RV, and any debt owed thereon; the funds in his name in various bank accounts; and the debts in his name associated with various banks and other loans. The trial court stated that even though both parties requested alimony, it was not awarding alimony "per se,"[6] after considering the following factors:

a) The parties make about the same income;
b) Husband's expenses are somewhat higher and include expenses of his adult daughter who paid for a trip to Hawaii demonstrating a lack of financial prioritization; and
c) Wife's move to a new residence where she is incurring a higher rental payment[.]

Finally, the court entered an order restraining the parties from following each other for four months, ordered that each party shall pay their own attorney's fees and would be responsible for one-half of the remaining court costs, and ordered Wife to reimburse Husband $325.00 (half of the cost of the court-ordered appraisal of the Tipton County home and lot).

Wife filed an initial and then an amended motion to alter or amend or for a new trial. The trial court denied both motions, except for one amendment that was made to the divorce decree regarding the amount Wife was to reimburse Husband for the SBP premium. Wife appealed on August 9, 2019. Subsequently, on January 14, 2021, Wife filed a motion requesting to supplement her appellate brief with a table listing the marital property and debts, pursuant to Rule 7 of the Rules of the Court of Appeals of Tennessee, (a "Rule 7 table").[7] We address this motion *infra*.

---

[6] There seems to be a disagreement over whether the award of the possessory interest in the marital residence to Husband constitutes alimony. The trial court stated in its order that it was not awarding alimony "per se," but at other times in the same order simply stated that it was not awarding alimony. In the event of a future appeal, it may be useful to clarify this.

[7] Rule 7 of the Rules of the Court of Appeals of Tennessee states, in pertinent part:

(a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, *the brief of the party raising the issue* shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(Emphasis added).

In contrast to Wife, Husband did attach a Rule 7 table to his appellate brief. Although not strictly required to present such a table in light of the fact that he seeks no affirmative relief from the trial court's property decisions, nothing prevents him from filing his own table in order to facilitate appellate review. *Cf.* **Kirby**, 2016 WL 4045035, at *7 (quoting **Harden v. Harden**, No. M2009-01302-COA-R3-CV, 2010 WL 2612688 at *8 (Tenn. Ct. App. June 30, 2010)) ("[T]he trial court's failure to assign values to all items of property 'does not prohibit [the parties] from providing this Court with the value [they] contend[ ] ought to be assigned and a citation to the record to support such an assertion.'"). However, we note that Husband's Rule 7 table contains multiple errors, including citations to the record that do not support his contentions and, as will be discussed *infra*, his table omits some pieces of property that the trial court distributed between the parties. That said, a flawed Rule 7 table is preferable to no Rule 7 table at all.

## ISSUES PRESENTED

Wife raises the following issues for review, which we slightly restate:

1. Whether awarding Husband exclusive use of the marital home until he dies or has to move into an assisted living facility/nursing home, is an equitable distribution of marital property pursuant to Tennessee Code Annotated section 36-4-121.
2. Whether denying Wife one-half of the marital interest of Husband's TCRS benefits was an equitable distribution of marital property pursuant to Tennessee Code Annotated section 36-4-121.

Husband echoes Wife's issues, and raises the following additional issues, which we slightly restate:

1. Whether Wife's failure to raise the issue of value of Husband's TCRS retirement in the trial court precludes her from raising that issue for the first time on appeal.
2. Whether Wife's appeal should be dismissed for her failure to comply with Rule 7 of the Tennessee Rules of the Court of Appeals.

## DISCUSSION

On appeal, Wife asserts, *inter alia*, that she should have been awarded more property by the trial court. Husband asserts instead, *inter alia*, that the trial court's distribution of property was equitable and that Wife's arguments should be waived because she failed to timely file a Rule 7 table.[8] Because we conclude that the trial court's order is deficient, we do not reach the merits of these arguments.

---

[8] As previously discussed, Wife attempted to supplement her brief with a Rule 7 table well after the time

In divorce cases, "[t]he division of a marital estate necessarily begins with the classification of the parties' property as either marital or separate property." ***Brown v. Brown***, 913 S.W.2d 163, 166 (Tenn. Ct. App. 1994) (citations omitted); *see* Tenn. Code Ann. § 36-4-121(b)[9] (defining "separate property" and "marital property"). "The classification of particular property as either separate or marital is a question of fact to be determined in light of all relevant circumstances." ***Snodgrass v. Snodgrass***, 295 S.W.3d 240, 245 (Tenn. 2009) (citations omitted). This Court has explained that

> [a]fter a trial court has classified the parties' property as either marital or separate, it should place a reasonable value on each piece of property subject to division. The parties themselves must come forward with competent valuation evidence. When valuation evidence is conflicting, the court may place a value on the property that is within the range of the values represented by all the relevant valuation evidence. Decisions regarding the value of marital property are questions of fact. Accordingly, they are entitled to great weight on appeal and will not be second-guessed unless they are not supported by a preponderance of the evidence.

***Owens v. Owens***, 241 S.W.3d 478, 486 (Tenn. Ct. App. 2007) (citations omitted). "The value placed on marital property should, as near as possible, reflect the value of the property on the date that it is divided." ***Id.*** at 487 (citing Tenn. Code Ann. § 36-4-121(b)(1)(A); ***Manis v. Manis***, 49 S.W.3d 295, 303 (Tenn. Ct. App. 2001)).

After the property is properly classified and valued, the marital property must then be divided equitably between the divorcing spouses, without regard to the fault of either party. ***Snodgrass***, 295 S.W.3d at 246 (citing Tenn. Code Ann. § 36-4-121(a)(1)). "[D]ivision of the marital estate includes both the division of the marital property and the allocation of the marital debt. . . . Thus, an examination of the manner in which a trial court divided the marital property must take into consideration how the trial court allocated the marital debt." ***Owens***, 241 S.W.3d at 490. Conversely, "[s]eparate property is not part of the marital estate and is therefore not subject to division." ***Id.*** (quotation marks and citations omitted). A trial court's decision regarding equitable division of marital property "is not a mechanical one and is not rendered inequitable because it is not precisely equal or because both parties did not receive a share of each piece of property." ***Brown***, 913 S.W.2d at 168 (citation omitted). Pursuant to Tennessee Code Annotated section 36-4-121(c), a trial court must consider many factors in equitably dividing marital property. Appellate courts "giv[e] great weight to a trial court's decisions regarding the division of marital assets, and we will not disturb [them] unless the distribution lacks proper

---

for briefing had closed. Because of our resolution of this appeal, however, that request is moot.

[9] For purposes of resolving this appeal, we will rely on the version of Tennessee Code Annotated section 36-4-121 that was in effect when this divorce was filed in 2013. *See* 2011 Tenn. Pub. Laws Ch. 119 § 6 (S.B. 1172) ("This act shall take effect upon becoming a law, the public welfare requiring it.").

- 6 -

evidentiary support, misapplies statutory requirements or procedures, or results in some error of law." *See **Snodgrass***, 295 S.W.3dat 245 (citation omitted). Thus, our caselaw mandates that a trial court faced with marital property division make a number of factual findings to support its ruling.

This requirement is fully consistent with the mandates of Rule 52.01 of the Tennessee Rules of Civil Procedure, which provides, in pertinent part, as follows: "In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Therefore, "[i]n bench trials, trial courts must make findings of fact and conclusions of law to support their rulings." ***Hardin v. Hardin***, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012). While there is no bright-line rule for the adequacy of a trial court's order, "the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." ***Lovlace v. Copley***, 418 S.W.3d 1, 35 (Tenn. 2013). A trial "'court must go beyond mere summation by linking the evidence to its clearly stated findings of fact and conclusions of law.'" ***Rosebrough v. Caldwell***, No. W2018-01168-COA-R3-CV, 2019 WL 6898218, at *4 (Tenn. Ct. App. Dec. 18, 2019) (quoting ***In re S.S.-G.***, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at *12 (Tenn. Ct. App. Nov. 16, 2015)). "'Without such findings and conclusions, this [C]ourt is left to wonder on what basis the [trial] court reached its ultimate decision." ***Babcock v. Babcock***, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015) (quoting ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009) (quoting ***In re M.E.W.***, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. Apr. 21, 2004))).

Generally, the proper remedy when the trial court fails to make sufficient findings of fact and conclusions of law is to vacate and remand for the entry of a more detailed order. ***Lake v. Haynes***, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). Specifically in the context of divorce cases, this Court has stressed the importance of trial courts making appropriate findings and conclusions under Rule 52.01, including the values of marital property. *See **Kirby v. Kirby***, No. M2015-01408-COA-R3-CV, 2016 WL 4045035, at *7 (Tenn. Ct. App. July 25, 2016) (citing Tenn. R. Civ. P. 52.01) ("In the absence of sufficient findings and conclusions regarding the valuation of all property at issue and the statutory factors contained in Tennessee Code Annotated § 36-4-121, we cannot determine whether each party was awarded an equitable portion of the marital estate. Accordingly, we must vacate the trial court's property distribution and remand this matter to the trial court for the entry of appropriate findings of fact and conclusions of law.").

In this appeal, the parties' main dispute centers around the distribution of property. Therefore, in order for us to determine whether the trial court equitably divided the marital property at issue, the relevant threshold inquiries involve (1) what property is marital

versus separate; and (2) how the trial court valued the marital property. The trial judge acknowledged these requirements multiple times at trial. For example, the trial judge stated, "I still want to know the amounts. . . . I can't decide how anything is equitable or what it is and how to divide it until I have the numbers." But, unfortunately, the trial court failed to provide us with this same information.

As an initial matter, we note that other than the Shelby County land and the Tipton County home, which the trial court explicitly characterized as marital, no other property is classified as marital or separate in the trial court's order. This omission is troubling in light of the fact that at least some of the property awarded to Wife appears to have been inherited, and therefore is arguably separate. Although the parties have not raised the trial court's failure to classify each piece of property as an issue in this appeal, we must note that our ability to determine whether an equitable division of marital property was made is hampered when we are unable to discern whether any of the property at issue did not actually constitute marital property subject to division.

Even more importantly for this particular case, the trial court only assigned dollar values to three pieces of property that it distributed: Wife's Shelby County land (including the debt owed thereon), the marital home in Tipton County, and the lot adjacent to the marital home. These pieces of real property, however, were not the only pieces of property divided by the trial court. Rather, the parties presented evidence at trial showing that they also owned a fairly significant amount of other property. Specifically, the trial court awarded to Wife her Subaru (and any debt owed thereon), FERS benefits, personal property she inherited from her father, funds in her name in various accounts, and debts in her name associated with certain credit cards, loans, and legal fees. Husband was awarded his disposable military retired pay and SBP coverage, TCRS retirement, Toyota, Jeep, Kubota tractor, and Rambler RV (and any debt owed thereon), the funds in his name in various bank accounts, and the debts in his name associated with various banks and other loans. The trial court has a general duty to assign values to the marital property even if the many of the values are undisputed or the parties do not dispute which spouse should be awarded the property. *See Kirby*, 2016 WL 4045035, at *6 ("Although Husband agreed to the disposition of these [marital] assets and debts, we cannot determine whether the overall distribution of marital property, including the division of Husband's military retirement benefits, is equitable in the absence of evidence regarding the values of all marital assets and amounts of debts. *See, e.g.*, *Morton v. Morton*, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005) (holding that this Court must determine whether the overall property distribution is equitable rather than focusing on one asset)."). However, this duty becomes even more important when the parties dispute the value of certain property. While the parties do not dispute the value of each piece of property at issue in this case, the disputes in this case are not insignificant enough to ignore.

For example, Wife presented evidence regarding the value of her Subaru and debts associated with a "USAA American Express" account, a loan from Navy Federal Credit

Union ("NFCU"), a loan from someone named MG Holmes, and a Kohl's credit card. Husband objected to Wife's evidence of these property values at trial, primarily on the basis that he was not provided information about them in discovery.[10] His objection regarding the Kohl's card was sustained because it was undisputed that Wife had not previously disclosed that account to Husband. Yet, curiously, the trial court still referenced the Kohl's card in its written order, ordering Wife to pay it. Although the trial court ordered Wife to pay these debts, it neither valued the debts nor specifically ruled that they constituted marital debts for purposes of the equitable division of marital property. And as for the "USAA American Express" debt, it is unclear how the trial court distributed it. The trial court expressly ordered Wife to pay the "American Express" debt in her name. However, it is unclear if the trial court intended this to reference the "USAA American Express" debt and/or any other American Express accounts, because Wife presented evidence of multiple American Express accounts in her name that are associated with different financial institutions.

Husband, on the other hand, presented evidence that he has a debt of approximately $8,000.00 from a loan his daughters gave him, which Wife apparently disputes. The trial court nevertheless ordered Husband to pay "the loan from his children," but again failed to place a value on this debt or to specifically rule that it was a marital, rather than separate, debt. On appeal, it also appears that Wife takes issue with the trial court's failure to make sufficient findings as to the value of Husband's possessory interest in the marital home. While the trial court properly placed a value on the marital home, Wife appears to assert that the trial court was also required to place a value on the exclusive possession of the home awarded to Husband by the trial court. As such, this interest is in significant dispute in this appeal.

These are not all of the instances in this case where clarity regarding the property values and classification is lacking, but only the more obvious ones. Granted, some of the lack of clarity is attributable to the parties themselves, who have a duty to provide competent evidence of the property values.[11] *See **Kinard v. Kinard***, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998) (citation omitted). However, the trial judge may resolve any disagreement amongst the parties by assigning property values within the acceptable range of values that the evidence supports. *See **id.*** Indeed, the trial court should do so in order to

---

[10] In this appeal, Husband has not raised any specific arguments about the evidence that he objected to at trial, but he has not placed many of the pieces of property he objected to in his Rule 7 table. We are unable to discern if these omissions are inadvertent or intentional. Certainly, omitting an asset or debt from a Rule 7 table, without more, does not sufficiently raise an issue as to the propriety of the trial court's decision as to that property. *See generally **Sneed v. Bd. of Pro. Resp. of Supreme Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

[11] We also note that the record is missing Exhibits 61 through 64, which were apparently admitted into evidence, according to the trial transcript.

aid our appellate review. *See id.* at 230 ("Our review of this issue has been hampered by the trial judge's failure to properly . . . place a value on the property whose value was disputed.").

Moreover, because Wife specifically takes issue in this appeal with how the trial court distributed Husband's TCRS benefits, the trial court's failure to value the TCRS benefits is especially problematic. Here, there is no dispute that Husband acquired his TCRS retirement benefits from his employment in the Memphis school system throughout the marriage. Wife asserts that those benefits are therefore marital property and that she is entitled to fifty percent of them. She further asserts that Husband initially proposed that she receive fifty percent of his TCRS benefits. Husband, on the other hand, argues that the trial court's award of the entirety of his TCRS benefits to him is equitable, in part because Wife was awarded marital property with a higher net value and allocated marital debt in a lower net amount than he was.

Wife is correct that marital property includes vested and unvested retirement benefits that accrue during a marriage. *See **Cohen v. Cohen***, 937 S.W.2d 823, 830 (Tenn. 1996). Our supreme court has provided extensive guidance for how retirement benefits are to be valued, including that their values "must be determined at a date as near as possible to the date of the divorce." *Id.* Additionally, "[t]he choice of valuation method remains within the sound discretion of the trial court to determine after consideration of all relevant factors and circumstances." *Id.* at 831. The two valuation techniques used most often by courts are the "present cash value method" and the "deferred distribution" method (also known as the "retained jurisdiction" method). *See id.* (citations omitted).

Here, the trial court awarded Husband the entirety of his TCRS benefits, but did not place any value on this significant asset. As detailed above, however, the trial judge should have exercised its discretion to choose the method by which to calculate the value of the parties' retirement benefits. Even were we to agree that the trial court did not err in assigning the entirety of the TCRS benefits to Husband, the trial court's failure to assign a value to this asset hinders our ability to determine whether the overall property division is equitable. *Cf. **Morton v. Morton***, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005) ("Husband, as is often the case in appeals to this Court concerning a division of marital property, wishes to focus on whether the division as to particular assets was equitable rather than whether the overall property distribution was equitable. We decline to do so as the goal is an overall equitable marital property distribution."). As when a trial court fails to assign values to other types of marital property, we typically do not "soldier on" in the face of a trial court's failure to assign values to marital retirement benefits. Instead, we typically vacate and remand for the trial court to make the proper findings and for the parties to present additional evidence as is necessary to aid the trial court in executing this duty. *See **Cohen***, 937 S.W.2d at 832 ("Rather than choose the valuation method on this record, we remand to allow the parties to present additional evidence pertinent to the valuation of the account. After hearing the evidence, the trial court shall determine the appropriate

valuation method and shall make appropriate orders distributing the portion of the parties' martial property."); *see also* **Kirby**, 2016 WL 4045035, at *7 (citing Tenn. R. Civ. P. 52.01). Here, the parties provided the trial court with at least some evidence related to their retirement incomes. For example, Husband provided a statement showing his monthly TCRS benefits and Wife provided a breakdown of her expected monthly benefits from FERS upon turning sixty-two years old. However, other evidence may be necessary for the trial court to properly assign values to all of the relevant retirement assets, depending on which valuation method is employed. For example, evidence regarding the parties' life expectancies is not in the record, and may be necessary. Therefore, should the trial court need more evidence to properly value the relevant retirement benefits, it is well within its discretion to order the parties to present such evidence.

In sum, the trial court should have classified and valued all of the relevant property in this case, because without the trial court's assigned classifications and values, we are unable to determine if the property distribution was equitable. This is especially relevant as to Husband's TCRS retirement benefits, as the parties dispute whether the trial court's division of this property was equitable given the other property divided. In order to determine this issue, it is essential that the trial court value this property under one of the methods outlined by the Tennessee Supreme Court. *See, e.g.*, **Cohen**, 937 S.W.2d at 830–31, 833; *see also* **Kendrick v. Kendrick**, 902 S.W.2d 918, 926, 927–28 (Tenn. Ct. App. 1994). Additionally, even though the value of the marital home and adjoining lot is undisputed, Wife takes issue with the trial court's award of the present possessory interest to Husband and the failure to value this interest. Therefore, upon remand, the trial court shall enter an order containing sufficient findings and conclusions regarding the classification and valuation of all relevant property, including the possessory interest in the marital home, along with its analysis of the factors in Tennessee Code Annotated section 36-4-121. *See* **Kirby**, 2016 WL 4045035, at *7.

Because we are remanding this case based on the trial court's failure to properly classify and assign values to all relevant property, all issues related to Wife's untimely Rule 7 table are pretermitted, along with all other issues raised in this appeal.

## CONCLUSION

The judgment of the Chancery Court of Tipton County is vacated, and this cause remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed equally to Appellant Kasandra Cherry Green and Appellee Romey Green, III, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE